IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| JOSUE ABNER GONZALEZ GARCIA, § § § | |
| Petitioner, § | |
| § | |
| v. § | CAUSE NO. EP-26-CV-156-KC |
| § | |
| MARY DE ANDA-YBARRA et al., § § | |
| Respondents. § | |

## ORDER

On this day, the Court considered Josue Abner Gonzalez Garcia's Emergency Motion for Contempt, ECF No. 5. On February 3, 2026, the Court granted in part Gonzalez Garcia's Petition for Writ of Habeas Corpus and ordered Respondents to either (1) provide him with a bond hearing before an immigration judge ("IJ"), at which the Government was to bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, his continued detention; or (2) release him from custody, under reasonable conditions of supervision, by no later than February 10, 2026. Feb. 3, 2026, Order 2, ECF No. 4.

Now, Gonzalez Garcia alleges that Respondents have not complied with the Court's order, highlighting irregularities in the immigration court proceeding, and arguing that they warrant contempt sanctions. *See generally* Mot. First, Gonzalez Garcia states that a bond hearing was set before the immigration court in El Paso, Texas, on February 5, 2026. *Id.* at 2. Respondents failed to produce Gonzalez Garcia for the hearing. *Id.* at 2. At the outset of the proceeding, the IJ stated "that he would deny bond based on lack of jurisdiction." *Id.* The IJ allegedly made this finding because Gonzalez Garcia had been transferred to Minnesota and was no longer in El Paso, and also because a Board of Immigration Appeals ("BIA") decision

precluded jurisdiction. *Id.* at 2–3. Gonzalez Garcia alleges that the IJ stated "verbatim" that "a district court cannot give me authority that Congress does not grant me." *Id.* at 3. No bond hearing was held or rescheduled. *Id.* Gonzalez Garcia's counsel attempted to request a bond hearing before the Minnesota immigration court but his request was denied because the hearing was already set in El Paso. *Id.* at 2. Therefore, he seeks "an order to hold Respondents in contempt and to order his immediate release from Respondents' custody." *Id.* at 3.

The Court ordered Respondents to provide Gonzalez Garcia with a bond hearing, or in the alternative, release him, because it found a procedural due process violation. *See* Feb. 3, 2026, Order 1–3 (citing *Tisighe v. De Anda-Ybarra et al.*, No. 3:25-cv-593-KC (W.D. Tex. Dec. 5, 2025)).[1] As the Court explained in *Lopez-Arevelo*, a petitioner's "rights are not violated by the very fact of his detention. Rather, they are violated because he has been detained without a bond hearing that accords with due process." 801 F.Supp.3d at 687–88. Therefore, the Court explained that Respondents would be "afforded one additional opportunity" to comport with due process. *Id.* at 688. But if the Government "continue[d] to disclaim the authority to conduct an individualized assessment of the necessity of detaining [the petitioner] in accordance with th[e Court's] Order, then he must be immediately released." *Id.*

Based on Gonzalez Garcia's allegations, it appears that the IJ has continued to disclaim jurisdiction and refuse to hold a bond hearing. *See* Mot. 2–3. That is their prerogative.

---

[1] In *Tisighe* this Court based its decision to grant in part the habeas petition on the same analysis it previously applied in finding a procedural due process violation. *See* Order, *Tisighe v. De Anda-Ybarra*, No. 3:25-cv-593, at *2 (W.D. Tex. Dec. 5, 2025), ECF No. 4 (citing *Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at *1–6 (W.D. Tex. Nov. 10, 2025); *Erazo Rojas v. Noem*, No. 3:25-cv-443-KC, 2025 WL 3038262, at *1–5 (W.D. Tex. Oct. 30, 2025); *Martinez*, 2025 WL 2965859, at *1–5; *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *1–14 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 681–88 (W.D. Tex. Sept. 22, 2025)).

However, Respondents then have until February 10, 2026, to release Gonzalez Garcia from custody, under reasonable conditions of supervision.  Feb. 3, 2026, Order 2.

Relatedly, Gonzalez Garcia was not present at his hearing, apparently because he was transferred to Minnesota while his Petition was pending.  Mot. 2.  This appears to have contributed to the ongoing failure to hold a bond hearing.  *Id.* at 2–3.  At the onset of this case, the Court ordered that "Respondents shall not . . . transfer Gonzalez Garcia to any facility outside the boundaries of the El Paso Division of the Western District of Texas, *until the Court orders otherwise or this case is closed*."  Show Cause Order 2 (emphasis added).  The Court has not ordered otherwise, and the case has not been closed.  Thus, it appears that by transferring Gonzalez Garcia to a detention facility in Minnesota, Respondents have violated this Court's explicit order.

Accordingly, the Motion, ECF No. 5, is **TAKEN UNDER ADVISEMENT** until February 10.  All deadlines and mandates in the Court's February 3, 2026, Order **remain in effect**.  **Respondents are cautioned that the Court will not look favorably on any failure to fully comply with the February 10, 2026, deadline.  As previously stated, no extensions will be granted.**

**IT IS FURTHER ORDERED** that Respondents must **SHOW CAUSE, by no later than February 10, 2026**, for their failure to comply with the order preventing Gonzalez Garcia's transfer to any facility outside the El Paso Division of the Western District of Texas.  *See* Show Cause Order 2.

**SO ORDERED**.

**SIGNED** this 6th day of February, 2026.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE